1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNIVERSAL CASUALTY COMPANY,      No. 2:11-cv-00934-MCE-GGH

12          Plaintiff,

13      v.                          AMENDED PRETRIAL SCHEDULING ORDER

14  FRED C. GODINEZ, III, et al.,

15          Defendants.
    _____/

16

17      After reviewing Plaintiff's Motion to Modify the Pretrial

18  Scheduling Order, the Court makes the following Amended Pretrial

19  Scheduling Order.

20      I.   SERVICE OF PROCESS

21      All named Defendants have been served and no further service

22  is permitted without leave of court, good cause having been

23  shown.

24      II.  ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

25      No joinder of parties or amendments to pleadings is

26  permitted without leave of court, good cause having been shown.

27  ///

28  ///

1

1   III. <u>JURISDICTION/VENUE</u>

2       Jurisdiction is predicated upon 28 U.S.C. § 1332(a)(1).

3   Jurisdiction and venue are not contested.

4   IV.  <u>DISCOVERY</u>

5       All discovery, with the exception of expert discovery, shall

6   be completed by **July 22, 2013**.  In this context, "completed"

7   means that all discovery shall have been conducted so that all

8   depositions have been taken and any disputes relative to

9   discovery shall have been resolved by appropriate order if

10  necessary and, where discovery has been ordered, the order has

11  been obeyed.  All motions to compel discovery must be noticed on

12  the magistrate judge's calendar in accordance with the local

13  rules of this Court.

14  V.   <u>DISCLOSURE OF EXPERT WITNESSES</u>

15      All counsel are to designate in writing, file with the

16  Court, and serve upon all other parties the name, address, and

17  area of expertise of each expert that they propose to tender at

18  trial not later than **September 16, 2013**.[1]  The designation shall

19  be accompanied by a written report prepared and signed by the

20  witness.  The report shall comply with Fed. R. Civ. P.

21  26(a)(2)(B).

22      Within twenty (20) days after the designation of expert

23  witnesses, any party may designate a supplemental list of expert

24  witnesses who will express an opinion on a subject covered by an

25  expert designated by an adverse party.

26  _____

27      [1] The discovery of experts will include whether any motions based on <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and/or <u>Kumho Tire Co. v. Carmichael</u>, 119 S. Ct. 1167

28  (1999) are anticipated.

1   The right to designate a supplemental expert for rebuttal
2   purposes only shall apply to a party who has not previously
3   disclosed an expert witness on the date set for expert witness
4   disclosure by this Pretrial Scheduling Order.

5       Failure of a party to comply with the disclosure schedule as
6   set forth above in all likelihood will preclude that party from
7   calling the expert witness at the time of trial.  An expert
8   witness not appearing on the designation will not be permitted to
9   testify unless the party offering the witness demonstrates:
10  (a) that the necessity for the witness could not have been
11  reasonably anticipated at the time the list was proffered;
12  (b) that the Court and opposing counsel were promptly notified
13  upon discovery of the witness; and (c) that the witness was
14  promptly made available for deposition.

15      For purposes of this Pretrial Scheduling Order, an "expert"
16  is any person who my be used at trial to present evidence under
17  Rules 702, 703, and 705 of the Federal Rules of Evidence, which
18  include both "percipient experts" (persons who, because of their
19  expertise, have rendered expert opinions in the normal course of
20  their work duties or observations pertinent to the issues in the
21  case) and "retained experts" (persons specifically designated by
22  a party to be a testifying expert for the purposes of
23  litigation).

24      Each party shall identify whether a disclosed expert is
25  percipient, retained, or both.  It will be assumed that a party
26  designating a retained expert has acquired the express permission
27  of the witness to be so listed.
28  ///

3

1  Parties designating percipient experts must state in the
2  designation who is responsible for arranging the deposition of
3  such persons.

4       All experts designated are to be fully prepared at the time
5  of designation to render an informed opinion, and give their
6  bases for their opinion, so that they will be able to give full
7  and complete testimony at any deposition taken by the opposing
8  party.  Experts will not be permitted to testify at the trial as
9  to any information gathered or evaluated, or opinion formed,
10 after deposition taken subsequent to designation.

11      Counsel are instructed to complete all discovery of expert
12 witnesses in a timely manner in order to comply with the Court's
13 deadline for filing dispositive motions.

14      VI.  <u>MOTION HEARING SCHEDULE</u>

15      The last day to hear dispositive motions shall be
16 **January 17, 2014.**  The parties shall comply with the following
17 filing deadlines:

| | |
|---|---|
| Dispositive motion | filed at least 8 weeks prior to hearing |
| Opposition and any cross-motion | filed at least 5 weeks prior to hearing |
| Reply and opposition to cross-motion | filed at least 3 weeks prior to hearing |
| Reply to cross-motion | filed at least 1 week prior to hearing |

25      The parties are directed to the Court's website for
26 available hearing dates.  (www.caed.uscourts.gov → choose Court
27 Calendar → choose Judge England → choose More Calendaring
28 Information)

1    All purely legal issues are to be resolved by timely
2   pretrial motions.  Failure to comply with Local Rules 230 and
3   260, as modified by this Order, may be deemed consent to the
4   motion and the Court may dispose of the motion summarily.
5   Further, failure to timely oppose a summary judgment motion[2] may
6   result in the granting of that motion if the movant shifts the
7   burden to the nonmovant to demonstrate that a genuine issue of
8   material fact remains for trial.

9    The Court places a page limit for points and authorities
10  (exclusive of exhibits and other supporting documentation) of
11  twenty (20) pages on all initial moving papers, twenty (20) pages
12  on oppositions, and ten (10) pages for replies.  All requests for
13  page limit increases must be made in writing to the Court setting
14  forth any and all reasons for any increase in page limit at least
15  fourteen (14) days prior to the filing of the motion.

16   For the Court's convenience, citations to Supreme Court
17  cases should include parallel citations to the Supreme Court
18  Reporter.

19   The parties are reminded that a motion _in limine_ is a
20  pretrial procedural device designed to address the admissibility
21  of evidence.  The Court will look with disfavor upon
22  dispositional motions presented at the Final Pretrial Conference
23  or at trial in the guise of motions _in limine_.

24  ///

25  ///

26

27    [2] The Court urges any party that contemplates bringing a
28  motion for summary judgment or who must oppose a motion for
    summary judgment to review Local Rule 260.

5

1    The parties are cautioned that failure to raise a

2    dispositive legal issue that could have been tendered to the

3    court by proper pretrial motion prior to the dispositive motion

4    cut-off date may constitute waiver of such issue.

5         VII. <u>FINAL PRETRIAL CONFERENCE</u>

6         The Final Pretrial Conference is set for **March 20, 2014,** at

7    **2:00 p.m.**  At least one of the attorneys who will conduct the

8    trial for each of the parties shall attend the Final Pretrial

9    Conference.  If by reason of illness or other unavoidable

10   circumstance a trial attorney is unable to attend, the attorney

11   who attends in place of the trial attorney shall have equal

12   familiarity with the case and equal authorization to make

13   commitments on behalf of the client.

14        Counsel for all parties are to be fully prepared for trial

15   at the time of the Final Pretrial Conference, with no matters

16   remaining to be accomplished except production of witnesses for

17   oral testimony.

18        The parties shall file, not later than **February 27, 2014**, a

19   Joint Final Pretrial Conference Statement.  The provisions of

20   Local Rules 281 shall apply with respect to the matters to be

21   included in the Joint Final Pretrial Conference Statement.  In

22   addition to those subjects listed in Local Rule 281(b), the

23   parties are to provide the Court with a plain, concise statement

24   that identifies every non-discovery motion tendered to the Court

25   and its resolution.  Failure to comply with Local Rule 281, as

26   modified by this Pretrial Scheduling Order, may be grounds for

27   sanctions.

28   ///

At the time of filing the Joint Final Pretrial Conference Statement, counsel shall also electronically mail to the Court in digital format compatible with Microsoft Word or WordPerfect, the Joint Final Pretrial Conference Statement in its entirety including the witness and exhibit lists.  **These documents shall be sent to: mceorders@caed.uscourts.gov.**

The parties should identify first the core undisputed facts relevant to all claims.  The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim.  The disputed facts should be identified in the same manner.  Where the parties are unable to agree as to what disputed facts are properly before the Court for trial, they should nevertheless list all disputed facts asserted by each party.  Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect issues derived from the core undisputed and disputed facts.  Parties shall not include argument or authorities with any point of law.

The parties shall prepare a joint statement of the case in plain concise language which will be read to the jury at the beginning of the trial.  The purpose of the joint statement is to inform the jury what the case is about.

1    The parties are reminded that pursuant to Local Rule 281

2    they are required to list in the Joint Final Pretrial Conference

3    Statement all witnesses and exhibits they propose to offer at

4    trial.  After the name of each witness, each party shall provide

5    a brief statement of the nature of the testimony to be proffered.

6    The parties may file a joint list or each party may file separate

7    lists.  These list(s) shall not be contained in the body of the

8    Joint Final Pretrial Conference Statement itself, but shall be

9    attached as separate documents to be used as addenda to the Final

10   Pretrial Order.

11        Plaintiff's exhibits shall be listed numerically.

12   Defendants' exhibits shall be listed alphabetically.  The parties

13   shall use the standard exhibit stickers provided by the Court

14   Clerk's Office: pink for plaintiff and blue for defendant.  In

15   the event that the alphabet is exhausted, the exhibits shall be

16   marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the

17   number of letters in parenthesis (i.e., "AAAA(4)") to reduce

18   confusion at trial.  All multi-page exhibits shall be stapled or

19   otherwise fastened together and each page within the exhibit

20   shall be numbered.  All photographs shall be marked individually.

21   The list of exhibits shall not include excerpts of depositions,

22   which may be used to impeach witnesses.  In the event that

23   Plaintiff and Defendants offer the same exhibit during trial,

24   that exhibit shall be referred to by the designation the exhibit

25   is <u>first</u> <u>identified</u>.  The Court cautions the parties to pay

26   attention to this detail so that all concerned, including the

27   jury, will not be confused by one exhibit being identified with

28   both a number and a letter.

1   The Final Pretrial Order will contain a stringent standard
2   for the offering at trial of witnesses and exhibits not listed in
3   the Final Pretrial Order, and the parties are cautioned that the
4   standard will be strictly applied.  On the other hand, the
5   listing of exhibits or witnesses that a party does not intend to
6   offer will be viewed as an abuse of the court's processes.

7       The parties also are reminded that pursuant to Rule 16 of
8   the Federal Rules of Civil Procedure it will be their duty at the
9   Final Pretrial Conference to aid the Court in: (a) the
10  formulation and simplification of issues and the elimination of
11  frivolous claims or defenses; (b) the settling of facts that
12  should properly be admitted; and (c) the avoidance of unnecessary
13  proof and cumulative evidence.  Counsel must cooperatively
14  prepare the Joint Final Pretrial Conference Statement and
15  participate in good faith at the Final Pretrial Conference with
16  these aims in mind.  A failure to do so may result in the
17  imposition of sanctions which may include monetary sanctions,
18  orders precluding proof, elimination of claims or defenses, or
19  such other sanctions as the Court deems appropriate.

20      VIII.   TRIAL BRIEFS

21      The parties shall file trial briefs not later than **March 6,**
22  **2014.**  Counsel are directed to Local Rule 285 regarding the
23  content of trial briefs.

24      IX.   EVIDENTIARY AND/OR PROCEDURAL MOTIONS

25      Any evidentiary or procedural motions are to be filed by
26  **February 27, 2014.**  Oppositions must be filed by **March 6, 2014,**
27  and any reply must be filed by **March 13, 2014.**

28  ///

9

The motions will be heard by the Court at the same time as the Final Pretrial Conference.

X.   <u>TRIAL SETTING</u>

The trial is set for **May 19, 2014, at 9:00 a.m.**  Trial will be by jury.  The panel will consist of **seven (7) jurors**.  The parties estimate a trial length of **seven (7) days**.

XI.   <u>SETTLEMENT CONFERENCE</u>

A Settlement Conference is set before Judge Carolyn K. Delaney on **April 12, 2013, at 9:30 a.m.**

Each party is directed to have a principal capable of disposition at the Settlement Conference or to be fully authorized to settle the matter on any terms at the Settlement Conference.

Each party is directed to submit to the chambers of Judge Carolyn K. Delaney confidential settlement conference statements not later than **April 5, 2012.**  Such statements are neither to be filed with the clerk nor served on opposing counsel.  However, each party shall notify the other party that the statement has been submitted to the judge's chambers.

XII. <u>VOLUNTARY DISPUTE RESOLUTION PROGRAM</u>

Pursuant to Local Rule 271 parties will need to lodge a stipulation and proposed order requesting referral to the Voluntary Dispute Resolution Program.

XIII.   <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause**.

Agreement by the parties pursuant to stipulation alone to modify the Pretrial Scheduling Order does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

XIV.   <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

This Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within seven (7) <u>court</u> days of service of this Order.

IT IS SO ORDERED.

Date:  March 29, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT JUDGE

11